JOSEPH COMER, Appellant, *against* FRANK WRISLEY, Respondent.

(Decided June 7th, 1886.)

An action begun and at issue in 1873, on a promissory note then nine years overdue, was not brought to trial until 1876, when plaintiff took defendant's default, but judgment thereon was not entered until 1880, three years after defendant had obtained a discharge in bankruptcy. No notice in writing of the entry of judgment was served on him, nor was execution issued or any effort made to collect the judgment until

Comer *v.* Wrisley.

after defendant's death in 1884, although he was apparently in possession of property. *Held*, that an order, on motion of the administratrix of defendant, in 1885, opening the default, reviving the action in her name, and allowing her to serve a supplemental answer setting up the discharge in bankruptcy, was not an improper exercise of discretion, as neither party seemed to have regarded time as of any importance.

APPEAL from an order of this court made at Special Term opening defendant's default, and reviving the action in the name of the defendant's administratrix, and allowing her to serve a supplemental answer, setting up a discharge in bankruptcy of the original defendant, in his lifetime.

The facts are stated in the opinion.

*Joseph A. Shoudy*, for appellant.

*A. Walker Otis*, for respondent.

PER CURIAM. — [Present ALLEN and BOOKSTAVER, JJ.] — The order made at Special Term was a discretionary one, and we have only to determine whether that discretion was improperly exercised.

The action was begun in 1873, on a promissory note then nine years overdue. The defendant filed a verified answer in April, 1873. Plaintiff took no steps to bring the action to trial, for three years, except filing a note of issue, and serving notice of trial. The case was twice called in 1875, when plaintiff failed to appear. It was again on the calendar in June, 1876, when plaintiff took defendant's default, but did not enter judgment until February 12th, 1880, three years after the default. In the mean time, and on February 28th, 1877, defendant received his discharge in bankruptcy. It is admitted that no notice in writing of the entry of said judgment was ever served upon the defendant or his administratrix. No execution was ever issued on the judgment.

Defendant departed this life on the 12th day of March, 1884, being at the time part proprietor of the Victoria Hotel, in this city. As far as appears, no efforts were

made to collect this judgment during defendant's life time, although he was apparently in the possession of property.

The application to open the default, and for leave to serve supplemental answer, was not made until October, 1885. After defendant's death and before making the present application, the defendant's administratrix moved to. cancel the judgment under section 1268 of the Code, which was denied, and from which an appeal was taken to the Court of Appeals. This, in part, excuses the administratrix's delay, but neither of the parties to this action seems to have regarded time as of any importance, and, on that ground, the court, at Special Term, refused to convict the defendant of laches; and we cannot say that, under the circumstances, and in consideration of the delays on both sides, the court improperly exercised its discretion.

The order appealed from must therefore be affirmed, with costs.

Order affirmed, with costs.